ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
JACOB JOSE
Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 341-1749/Fax: (202) 305-0506
jacob.jose@usdoj.gov

ERIC GRANT
United States Attorney
EDWARD A. OLSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700
Edward.olsen@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| CHARLENE TOBIN, CARL MROZEK, and CRAIG DOWNER, <br><br> Plaintiffs, <br><br> v. <br><br> BROOKE L. ROLLINS, in her official capacity as the U.S. Secretary of Agriculture, et al., <br><br> Defendants. | No. 2:25-cv-02259-CSK <br><br> **MODIFIED ORDER ON FEDERAL DEFENDANTS' MOTION FOR A STAY OF BRIEFING IN LIGHT OF LAPSE OF APPROPRIATIONS** <br> **(First Request)** |

Fed. Defs.' Mot. for Stay

1

Federal Defendants hereby move for a stay, including the pending deadline for Federal Defendants to file their reply brief on October 6, 2025, in the above-captioned case. *See* ECF No. 12.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for most other Executive agencies. The Department does not know when such funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys and employees of the Federal Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. For this reason, no work will occur on the removal decision at issue in this case and the gather of wild horses will not occur during this lapse in appropriations. Regardless of the duration of the lapse in appropriations, no gather will occur before November 7, 2025.

4. Undersigned counsel for the Department of Justice therefore requests a stay of this case, including all pending deadlines, until Congress has restored appropriations to the Department.

5. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. Once appropriations are restored and the stay is lifted, the parties will confer to determine what deadlines, if any, need to be extended as a result of the lapse in appropriations, and the

parties will either submit a stipulation or Federal Defendants will file a motion requesting new deadlines.

6. Opposing counsel has authorized counsel for the Government to state that Plaintiffs do not oppose a stay as long as no gather will occur until the Court rules on the case, i.e. the pending motion for summary judgment.

7. Federal Defendants maintain their commitment to provide Plaintiffs, and the Court, with two weeks advance notice before conducting an initial gather.

Therefore, although we greatly regret any disruption caused to the Court and Plaintiffs, the Government hereby moves for a stay of this case until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Submitted on this 1st day of October, 2025.

    ADAM R.F. GUSTAFSON
    Acting Assistant Attorney General
    Environment and Natural Resources Division

    United States Department of Justice

    By: /s/ Jacob Jose
    JACOB JOSE (Co Bar No. 59582)
    Trial Attorney
    Wildlife and Marine Resources Section
    P.O. Box 7611
    Washington, D.C. 20044-7611

    ERIC GRANT
    United States Attorney
    EDWARD A. OLSEN
    Assistant United States Attorney

    *Attorneys for Defendants*

**MODIFIED ORDER**

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Federal Defendants have stated that "[r]egardless of the duration of the lapse in appropriations, no gather will occur before November 7, 2025." Federal Defendants also "maintain their commitment to provide Plaintiffs, and the Court, with two weeks advance notice before conducting an initial gather." In light of the lapse of appropriations due to the government shutdown, the Court exercises its inherent power to control its own docket and GRANTS Defendants' motion for a temporary stay due to the lapse in appropriations.

Therefore, the October 6, 2025 deadline for Federal Defendants' reply brief is VACATED and the October 17, 2025 hearing on the parties' pending cross-motions for summary judgment is VACATED. As soon as funds have been appropriated, Federal Defendants will file a stipulation, motion, or a status report providing an update and proposed schedule. The Court will then set a new briefing deadline and hearing date as soon as the stay is lifted.

IT IS SO ORDERED

Dated: October 2 , 2025

_____
Honorable Chi Soo Kim
United States Magistrate Judge
Eastern District of California

FED. DEFS.' MOT. FOR STAY